IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MI-BOX OF NORTH FLORIDA, LLC,
a Florida limited liability company,

       Plaintiff,

vs.                                                           CASE NO. 3:23-cv-01497-WWB-PDB

MI-BOX HOLDING COMPANY, an
Illinois company, and
MI-BOX FLORIDA, LLC, a New
Hampshire limited liability company,

       Defendants.
_____/

## MI-BOX FLORIDA, LLC'S PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant MI-BOX Florida, LLC ("MB Florida") requests that the Court dismiss Count V of plaintiff MI-BOX of North Florida, LLC's ("plaintiff") Complaint against MB Florida for failure to state a claim. In support, MB Florida states as follows:

### INTRODUCTION

MB Florida brings this motion to dismiss Count V of plaintiff's complaint as to MB Florida, because plaintiff has failed to state a claim that MB Florida violated the Florida Sale of Business Opportunity Act ("FSOBA"). Plaintiff asserts claims against MB Florida and co-defendant MI-BOX Holding Company ("MB Holding") relating to contracts that plaintiff entered into with each of them concerning a MI-Box dealership that plaintiff purchased from MB Florida. Plaintiff's claims center on the allegation that

MB Holding and MB Florida were selling a franchise but did not comply with certain requirements in the sale of a franchise and made certain misrepresentations to plaintiff. As MB Florida will later show, MB Florida sold a dealership, not a franchise, and it denies that it made misrepresentations to or has any liability to plaintiff. This motion to dismiss, however, is directed only towards plaintiff's facially invalid FSOBA claim. The claim must be dismissed for the simple reason that the Dealership Agreement between MB Florida and plaintiff does not meet the statutory definition of a "business opportunity" under the FSOBA. As such, plaintiff has no claim against MB Florida under the FSOBA.

## FACTUAL BACKGROUND[1]

MI-BOX is a mobile storage brand. Compl., ¶ 6. Defendant MB Holding contracted with MB Florida, among others, to serve as Master Dealers for specified territories. *Id.*, ¶ 7. As a Master Dealer, MB Florida had the right to sell dealerships in its exclusive territory (in this case, Florida). The dealers would provide mobile storage services to customers using MI-Box branded, and in some cases, patented, equipment, including storage containers and Lift Systems used to pick up and transport the storage containers from location to location. *Id.*, ¶ 7-9 & Ex. 1.

MB Florida and plaintiff entered into a Dealership Agreement effective March 3, 2021, whereby plaintiff purchased from MB Florida a dealership covering certain territory in Florida. Compl., Ex. 1, Recitals & Art. II. The Dealership Agreement provides that plaintiff "will purchase exclusively from [MB Holding] the MI-BOX Lift System and Containers (collectively, the "Equipment") the terms of which will be

---

[1] Solely for purposes of this Rule 12(b)(6) motion, MB Florida takes as true the allegations in the Complaint. MB Florida reserves the right to contest all factual and legal allegations in the complaint.

governed by the MI-BOX Equipment Purchase and Trademark License Agreement ["EPTLA"] between [MB Holding] and Dealer." Compl., Ex. 1, § 1.1. Plaintiff and MB Holding entered into an EPTLA, effective as of March 10, 2021, setting forth the terms pursuant to which plaintiff would purchase equipment from MB Holding and license the MI-BOX® trademark. Compl., Ex. 2. Both MB Florida and MB Holding required plaintiff to agree to use the MI-BOX® trademark on all equipment used by plaintiff in its dealership. Compl., Ex. 1, § 1.5 & Ex. 2, § 1.22.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court considers only well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *Kingseal, LLC v. Arch Specialty Ins. Co.*, --- F. Supp. 3d ----, 2023 WL 3121894 at *2 (M.D. Fla. Apr. 17, 2023) (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)). All factual allegations in plaintiff's complaint are for purposes of the motion accepted as true and construed in the light most favorable to the plaintiff. *Id.* However, conclusory allegations are not entitled to the same presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Courts use the "plausibility" standard when reviewing a claim subject to a motion to dismiss. *Kingseal*, 2023 WL 3121894 at *2 (citing *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010)). "A claim is plausible if the plaintiff alleges facts that 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Iqbal*, 556 U.S. at 678). "The plausibility standard requires that a plaintiff allege sufficient facts 'to raise a reasonable expectation that discovery will reveal evidence' that supports the plaintiff's claim." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Further, it is not sufficient to "tender[]

3

naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

**A.     Plaintiff Fails to State a Claim for a Violation of the FSBOA**

Plaintiff asserts that the Dealership Agreement entered into between plaintiff and MB Florida constitutes a "business opportunity," as that term is defined under Fla. Stat. § 559.801.  In relevant part, Plaintiff bases this assertion on the allegation that MB Florida represented that MB Florida "will provide a sales program or marketing program that will enable the purchaser to derive income from the business opportunity."  Compl., ¶ 62 (citing Fla. Stat. § 559.801).

There are at least two reasons plaintiff's allegations fail to state a claim.  First, in order for the Dealership Agreement to constitute a "business opportunity" under the FSBOA, MB Florida must have represented to plaintiff that MB Florida "will provide a <u>sales program or marketing program</u> that will enable the purchaser to derive income from the business opportunity…."  *Id.* (emphasis added).[2]  Plaintiff alleges no "sales program or marketing program" that MB Florida represented it would provide to plaintiff. Plaintiff alleges that MB Florida made misrepresentations to plaintiff about potential financial performance, but nothing about a "sales program or marketing program."

---

[2] The term "business opportunity" is defined in the FSBOA as "the sale or lease of any products, equipment, supplies, or services which are sold or leased to a purchaser to enable the purchaser to start a business for which the purchaser is required to pay an initial fee or sum of money which exceeds $500 to the seller, and in which the seller represents…" any of a list of four representations.  Fla. Stat. § 559.801(1)(a).  In its Complaint, plaintiff relies only on the fourth item in the list, which states:  "That the seller will provide a sales program or marketing program that will enable the purchaser to derive income from the business opportunity, except that this paragraph does not apply to the sale of a sales program or marketing program made in conjunction with the licensing of a trademark or service mark that is registered under the laws of any state or of the United States if the seller requires use of the trademark or service mark in the sales agreement."  Fla. Stat. § 559.801(1)(a)(4).

Compl., ¶¶ 23-24. Plaintiff alleges that MB Florida exercised control over plaintiff due to various provisions in the Dealership Agreement. Compl., ¶ 20. These provisions, however, generally address fees to be paid to MB Florida, trademark usage, product inspection, and the like. *Id.* None of this resembles a "sales program" or "marketing program." Plaintiff alleges no facts supporting what this purported "sales program" or "marketing program" entailed, what steps were involved, what the supposed program was comprised of, or what MB Florida's role was or is supposed to be. Plaintiff has simply (partially) quoted the statute without pleading any facts to support its legal conclusion. This is not enough. *Kingseal*, 2023 WL 3121894 at *2 (courts are not "bound to accept as true a legal conclusion couched as factual allegation") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678.

Second, plaintiff selectively quotes or paraphrases Fla. Stat. § 559.801 in its Complaint. Compl., ¶ 62. Specifically, it omits the portion of section 559.801(1)(a)(4) which states: "except that this paragraph does not apply to the sale of a sales program or marketing program made in conjunction with the licensing of a trademark or service mark that is registered under the laws of any state or of the United States if the seller requires use of the trademark or service mark in the sales agreement." This is critical, because, even assuming there were a "sales program" or "marketing program" provided by MB Florida (which plaintiff has not plausibly alleged), such "sales program" or "marketing program" would unquestionably be one in connection "with the licensing of a trademark" and MB Florida "requires use of the trademark in the sales agreement."

The Dealership Agreement between plaintiff and MB Florida provides that plaintiff "will purchase exclusively from [MB Holding] the MI-BOX Lift System and Containers

5

(collectively, the "Equipment") the terms of which will be governed by the MI-BOX Equipment Purchase and Trademark License Agreement [EPTLA] between [MB Holding] and Dealer." Compl., Ex. 1, § 1.1. Plaintiff did, in fact, enter into an EPTLA with MB Holding, pursuant to which it licensed the MI-BOX trademark. Compl., Ex. 2, § 1.22. Therefore, any purported "sales program" or "marketing program" provided by MB Florida to plaintiff (and, again, plaintiff has not plausibly alleged one) was "made in conjunction with the licensing of a trademark or service mark that is registered under the laws of any state or of the United States." Fla. Stat. § 559.801(1)(a)(4).

Further, MB Florida (and MB Holding) require the use of the MI-BOX trademark in the Dealership Agreement (and the EPTLA). Both agreements provide that "all Lift Systems and Containers provided by MI-BOX to Dealer, and used by Dealer, shall bear the MI-BOX trademark[.]" Compl., Ex. 1, § 1.5 & Ex. 2, § 1.22. Therefore, the "seller requires use of the trademark or service mark in the sales agreement." Fla. Stat. § 559.801(1)(a)(4).

Plaintiff relies on Fla. Stat. § 559.801(1)(a)(4) for its (conclusory) assertion that the Dealership Agreement was a "business opportunity." However, that statute is not applicable here, because the "sales program" or "marketing program" purportedly provided by MB Florida was made in conjunction with the licensing of a trademark and MB Florida and MB Holding require use of the trademark in the Dealership Agreement and EPTLA, respectively. Therefore, there is no "business opportunity," as defined under the FSBOA, to support plaintiff's claim against MB Florida. *See Barnes v. Burger King Corp.*, 932 F.Supp. 1420, 1433-35 (S.D. Fla. 1996) (holding FSOBA claim failed as a matter of law where sale at issue was excepted from definition of "business

6

opportunity" because it was made in conjunction with licensing of trademark); *see also Randall v. Lady of Am. Franchise*, 2005 WL 2709641, at *5 (D. Minn. Oct. 21, 2005) (applying Florida law and granting motion to dismiss FSBOA claim where sale involved use of trademarks).

## CONCLUSION

For the reasons stated herein, plaintiff has failed to state a claim for a violation of the FSBOA on the part of MB Florida. Therefore, the claim should be dismissed pursuant to FRCP 12(b)(6).

WHEREFORE, MB Florida respectfully requests this Court enter an Order granting this Motion and dismissing Count V of the Complaint against MB Florida, and granting MB Florida such other and further relief as the Court may determine to be just and equitable.

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for MB Florida has conferred by telephone with counsel for Plaintiff in good faith regarding the subject matter of this Motion. Plaintiff opposes the requested relief.

Respectfully submitted this 9th day of January, 2024.

/s/ Samuel J. Horovitz
Samuel J. Horovitz
Florida Bar No.:  59015
Email: shorovitz@rtlaw.com

Angelo M. Patacca, Jr.
Florida Bar No.:  0047589
Email:  apatacca@rtlaw.com
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, FL  32207
(904) 398-3911 – Telephone
(904) 396-0663 – Facsimile

Benjamin B. Folsom
*Pro hac vice*
Email: Benjamin.folsom@mclane.com
MCLANE MIDDLETON
900 Elm Street, 10th Floor
Manchester, NH  03101
Telephone:  603-628-1323

ATTORNEYS FOR
MI-BOX FLORIDA, LLC