THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MI-BOX OF NORTH FLORIDA, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 3:23-CV-1497-WWB-PDB |
| MI-BOX HOLDING COMPANY, and MI-BOX FLORIDA, LLC | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT MI-BOX HOLDING COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS UNDER FEDERAL RULE 12(b)(6)

Defendant, MI-BOX HOLDING COMPANY ("MBH"), by and through its counsel of record, TRITT & ASSOCIATES, P.A. and GROGAN HESSE & UDITSKY, P.C. (*pro hac vice motion pending*), submits this Memorandum of Law in support of its Motion to Dismiss the Complaint filed by Plaintiff, MI-BOX NORTH FLORIDA, LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.  Introduction

MI-BOX is a mobile storage brand. Compl., ¶ 6. MBH contracted with Defendant MI-BOX Florida, LLC ("MI-BOX FL"), giving MI-BOX FL the right to sell MI-BOX dealerships in the state of Florida. Id. at ¶ 7. Under Illinois law (the governing law in the agreement between MBH and MI-BOX FL), the discretion given to MI-BOX FL to sell dealerships in Florida could not be used by MI-BOX FL in a manner inconsistent with franchise laws. *See Beraha v. Baxter Health Care Corp.,* 956 F.2d 1436 (7th Cir. 1992) (applying Illinois law) (citing *Dayan v. McDonald's Corp.,* 125 Ill. App. 3d 972, 466 N.E.2d 958, 971-72 (1st Dist. 1984).

1

MI-BOX FL then sold a mobile storage business to plaintiff, MI-BOX of North Florida, LLC ("MI-BOX North FL").  That agreement is attached as Exhibit 1 to the Complaint. MBH entered into an Equipment Purchase and Trademark License Agreement ("Equipment Agreement") with Plaintiff, MI-BOX North FL to enable plaintiff to purchase a patented lift system and storage containers and use the "MI-BOX" trademark. Compl., Ex. 2.  The contract between MBH and MI-BOX North FL contains an exclusive venue clause which requires that any disagreement between the parties be brought in the state court located in Cook County, Illinois or the federal court of the Northern District of Illinois. *See id.*

## II. Standard of Review

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. Plaintiff Fails to Allege a Claim Against MBH under FDUTPA (Count I) Because there is No Allegation that MBH Committed a Deceptive Act.

A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2nd DCA 2006). Here, Plaintiff's claim under the FDUTPA is solely based upon a purported violation of the FTC Franchise Rule. (Compl., ¶¶ 31-32). But, nowhere does plaintiff allege that MBH violated the FTC Franchise Rule. Instead, Plaintiff simply alleges that MBH had a "legal duty to provide MI-BOX of North Florida with an FDD…." (*Id.* at ¶ 35) and that MBH had a "legal duty to refrain from providing financial performance representations, …" (*Id.* at ¶ 36). These allegations, however, are legal conclusions and do not allege any "deceptive act" by MBH.

According to Plaintiff's own allegations, Exhibit 1 was the "franchise agreement" (Compl., ¶ 19) and that agreement was between MI-BOX FL and MI-BOX North FL (*see* Compl., ¶ 17; Ex. 1). Therefore, MI-BOX FL had the duty to provide an FDD, if required under the law. MBH had no such duty.

As far as any alleged misrepresentations, Plaintiff only alleges that MI-BOX FL made financial representations to MI-BOX North FL (*Id.* at ¶¶ 23-24, 41), not MBH. In fact, the contract between plaintiff and MBH makes clear that no one from MBH "made any promises or representations that [MI-BOX North FL] will earn or is likely to earn a profit exceeding [MI-BOX North FL]'s initial investment." (Compl., Ex. 2, ¶ 2.9). Plaintiff did not allege any facts of a deceptive act or unfair practice as it relates to MBH or the Equipment Agreement between MBH and MI-BOX North FL. Consequently, plaintiff has failed to allege a claim against MBH under the FDUTPA.

## IV. Plaintiff Fails to Allege a Claim under Count III, the Florida Franchise Act, by Virtue of the Governing Law Provision Included in the alleged Franchise Agreement.

Plaintiff alleges that the agreement between MI-BOX FL and Plaintiff (referenced in the Complaint as the "Dealership Agreement") is a sale of a franchise. (Compl., ¶ 19). That agreement contains a governing law provision that requires the application of New Hampshire law. (Compl., Ex. 1, ¶ 4.6.) As a result, whether the Dealership Agreement is a franchise agreement must be made under New Hampshire law, not Florida. Furthermore, plaintiff cannot make a claim for violation under the Florida Franchise Act when New Hampshire franchise law would apply. *See Cluck-U Chicken, Inc. v. Cluck-U Corp.*, 358 F. Supp. 3d 1295, 1309-1310 (M.D. Florida 2017).

In *Cluck-U*, plaintiffs alleged that defendants' misrepresentations violated Florida's Franchise Act, but the court granted summary judgment dismissing the claim made under the Florida Franchise Act because the parties' franchise agreement contained a Maryland choice of law provision. The *Cluck-U* court reasoned that "by including a choice of law provision that provides for Maryland law to govern the franchise agreement, Defendants are subject to the dictates of Maryland's franchise act." The *Cluck-U* court further found:

> Courts have determined that the choice of law provision in a franchise agreement that favors the franchisor's home state renders the franchisee's home state franchise act inapplicable to a dispute between the franchisor and the franchisee. *Compare Dickinson v. Exec. Bus. Grp.,* 983 F. Supp. 1395, 1397 (M.D. Fla. 1997), and *Barnes v. Burger King Corp.*, 932 F.Supp. 1441, 1442-43 (S.D. Fla. 1996) (holding that parties' choice of law provision in franchise agreement rendered franchisee's home state franchise act inapplicable), with *Austin* [*Burger King Corp. v. Austin*], 805 F.Supp. [1007] at 1023 (applying Florida Franchise Act to an in-state franchisor and out-of-state franchisee when parties' choice of law provision selected Florida law). "Where the parties agreed to a choice-of-law provision in their contract, claims brought under the statutes of other states are generally inapplicable." *Martin v. Creative Mgmt. Grp., Inc.*, 10-cv-23159-WILLIAMS, 2013 WL 12061809, at *9 (S.D. Fla. July 26, 2013) (citing *Dickinson* [*v. Exec. Bus. Grp.*], 983 F.Supp. [1395] at 1396-97).

*Cluck-U*, 358 F. Supp. 3d at 1309-1310 (complete court citations added in brackets). Here, given the inclusion of the alleged franchise agreement as Exhibit 1 to Plaintiff's complaint, this Court

can make this same conclusion on a motion to dismiss. Count III should be dismissed in light of the application of New Hampshire law.

> **V.    Count III should be Dismissed because there is No Specific Allegation of a Misrepresentation Made by MBH and the attached Equipment Agreement States Otherwise.**

Plaintiff alleges in a conclusory fashion that both MBH and MI-BOX FL "intentionally misrepresented the prospects or chances for success of the MI-BOX franchise sold to MI-BOX of North Florida." (Compl., ¶ 50). This language is copied word-for-word directly out of the Florida Statute, Fla. Stat. Ann. § 817.416 (2)(a)(1). There are no factual allegations of a specific statement made by MBH to support this conclusory allegation. Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' "*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

While there are specific factual allegations made against MI-BOX FL, there is nothing specific to support this conclusory allegation against MBH. *See* Compl., ¶¶ 23-24, 41 (allegations of misrepresentations made by MI-BOX FL do not include MBH). Consequently, there are simply no allegations to support a claim against MBH under the Florida Franchise Act.

Additionally, in the Equipment Agreement, Plaintiff and MBH agreed that MBH had not made "any promises or representations that dealer [MI-BOX North FL] will earn or is likely to earn a profit exceeding dealer's initial investment." (Compl., Ex. 2, ¶ 2.9.) As a result, the conclusory allegation that MBH violated the Florida Franchise Act because it "intentionally misrepresent[ed] the prospects or chances for success of the MI-BOX franchise" cannot stand in light of the contractual acknowledgement made by plaintiff in the Equipment Agreement and the lack of any other specific misrepresentation made by MBH.

### VI. Count IV Should be Dismissed Because Plaintiff Did Not Allege Any Specific Misrepresentation Made by MBH.

As stated above, Plaintiff has not alleged one specific misrepresentation made by MBH. Therefore, Plaintiff cannot maintain a claim for rescission on the basis of such "numerous false representations". Compl., ¶ 54.

### V. Count V should be Dismissed for the Same Reasons Set Forth In Section III, above.

The *Cluck-U* court found that for the same reasons it dismissed plaintiff's claims under the Florida Franchise Act, it dismissed plaintiff's claims alleged under Florida's Sale of Business Opportunities Act, Fla. Stat. § 559.80, *et seq. Cluck-U*, 358 F. Supp. 3d at 1310. This same analysis should be applied in this case where the alleged franchise agreement is governed by New Hampshire law (Compl., ¶ 19; Compl., Ex. 1, ¶ 4.6), and therefore, New Hampshire franchise law applies, not Florida.

Finally, MBH adopts the arguments made by MI-BOX FL in its Motion to Dismiss Count V of the Complaint, Dkt. 20.

WHEREFORE, Defendant, MI-BOX HOLDING COMPANY, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff, MI-BOX OF NORTH FLORIDA, LLC'S Complaint and for such further relief as this Court deems just.

Date: January 12, 2024

Respectfully submitted,

**MI-BOX HOLDING COMPANY**

By: /s/*Helen H. Albee*_____
TRITT & ASSOCIATES, P.A.
Helen H. Albee
Florida Bar No.: 987247
707 Peninsular Place
Jacksonville, FL 32204
Telephone: (904) 354-5200
Facsimile: (904) 354-5256
Email:  helen.albee@atritt.com
Secondary Email: Karen.farber@atritt.com
One of its attorneys

Channing Blair Hesse
(*pro hace vice motion pending*)
GROGAN, HESSE & UDITSKY, P.C.
Two Mid America Plaza, Suite 110
Oakbrook Terrace, IL 60181
(630) 833-5533
chesse@ghulaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I presented the foregoing for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record on this 12th day of January, 2024.

/s/*Helen H. Albee*_____
Helen H. Albee