# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

```
*****************************************
                                      *
MI-BOX OF NORTH FLORIDA, LLC,         *
                                      *
              Plaintiff,              *
                                      *
v.                                    *
                                      *¶   Civil Action No. 3:23-CV-1497-WWB-PDB
MI-BOX HOLDING COMPANY,  and          *
MI-BOX FLORIDA, LLC                   *
                                      *
              Defendants.             *
                                      *
*****************************************
```

## DEFENDANT MI-BOX HOLDING COMPANY'S MOTION TO TRANSFER VENUE AND INCORPORATED MEMORANDUM OF LAW

Defendant, MI-BOX HOLDING COMPANY ("MBH"), by and through its counsel of record, TRITT & ASSOCIATES, P.A. and GROGAN HESSE & UDITSKY, P.C. (*pro hac vice motion pending)*, hereby moves to transfer venue of the case filed by Plaintiff, MI-BOX OF NORTH FLORIDA, LLC ("Plaintiff"), pursuant to 28 U.S.C. § 1404(a) and states as follows:

1.      On November 10, 2023, Plaintiff filed its Complaint for Damages and Rescission alleging five counts. All but one count is directed against MBH: Count I: Violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Count II for fraudulent inducement directed only against co-defendant, MI-BOX Florida, Count III for violation of Florida Franchise Act; Count IV for rescission; and Count V for violation of the Florida business opportunity law.

2.      Plaintiff's case was removed to federal court.

3.      The claims against MBH arise under the contract between Plaintiff and MBH which is attached as Exhibit 2 to the Complaint. This contract is dated March 10, 2021 and is titled MI-BOX® Equipment Purchase and Trademark License Agreement ("Equipment Agreement").

4.      The Equipment Agreement between the parties contains an exclusive venue clause which requires that any disagreement between the parties be brought in the state court located in Cook County, Illinois or the federal court of the Northern District of Illinois. Compl., Ex. 2 ¶ 3.6.

5.      "[F]ederal law, specifically 28 U.S.C. §1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 32, 108 S.Ct. 2239 (1988). The *Stewart* court went on to explain that a "motion to transfer under §1404(a) ... calls on the district court to weigh in the balance a number of case-specific factors" and that the "presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Id.* at 29, 108 S.Ct. 2239.

6.      In fact, the presence of a valid forum-selection clause "requires courts to adjust their usual §1404(a) analysis in three ways." *St. Francis Holdings, LLC v. Cynosure, Inc.*, 2020 WL 9601509, at *2 (M.D. Fla. Sept. 23, 2020). First, courts can no longer accord any weight to the plaintiff's choice of forum. *Id.* This shifts the burden onto the plaintiff to prove that enforcement of the forum-selection clause is not warranted. *Id.* (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. Of Tex.,* 571 U.S. 49, 63-64 (2013). Second, when considering whether to transfer a case pursuant to a mandatory forum-selection clause, courts may no longer consider arguments about the parties' private interests. *Id.* By agreeing to a forum-selection clause, the plaintiff effectively waived any argument that the pre-selected forum is inconvenient. *Id.* This means courts can only evaluate public-interest factors when evaluating such claims. *Id.* Finally, when a party

breaches a forum-selection clause by filing suit in a different forum, a §1404(a) transfer of venue does not carry the original venue's choice-of-law rules. *Id.*

7.     This modified analysis requires courts to give forum-selection clauses controlling weight "in all but the most exceptional cases." *Id.* (citing *Atl. Marine*, 571 U.S. at 60 (quoting *Stewart Org., Inc. v. Richo Corp.*, 487 U.S. 22, 33 (1988)). In fact, the Eleventh Circuit has noted that "an enforceable forum-selection clause carries near-determinative weight in this analysis." *GDG Acquisitions, LLC v. Gov't of Belize,* 749 F.3d 1024, 1028 (11th Cir. 2014).

8.     This case should be transferred to the Northern District of Illinois because there is a forum selection clause that governs this dispute. (Compl., Ex. 2 ¶ 3.6.) The forum selection clause is valid, mandatory, applies to the instant dispute, and should be enforced. *See St. Francis Holdings,* at *2 (enforcing forum selection clause for non-Florida jurisdictions where plaintiff asserted FDUTPA and fraudulent inducement claims).

9.     A forum selection clause should be enforced unless it would be unreasonable or unjust, or if the clause were invalid due to fraud or overreaching. *See Citro Fla., Inc. v. Citrovale,* 760 F.2d 1231 (11th Cir.1985). Here, there is nothing that makes the applicable forum selection clause unreasonable or unjust, nor is it invalid due to fraud or overreaching. Accordingly, it should be enforced.

10.     Plaintiff, MI-BOX of North Florida, LLC is subject to the jurisdiction of Illinois courts as it transacted business in Illinois, having travelled twice to Illinois to pick up trucks and lift systems purchased from MBH. *See* Declaration of Michael Born, attached hereto as Exhibit A.

11.     Additionally, under 28 U.S.C. § 1404(a), the "interest of justice" element weighs in favor of transferring venue to the Northern District of Illinois. "Interest of justice" relates to

things such as the efficient administration of the court system, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Research Automation, Inc. v. Schrader-Bridgeport Int'l Inc.,* 626 F.3d 973, 978 (7th Cir. 2010).

12.     To avoid contradictory rulings between two federal courts, this case should be transferred to the Northern District of Illinois. Here, Plaintiff alleges that it was sold a franchise and that the Defendants did not comply with applicable franchise laws. Whether MI-BOX is a franchise is at the heart of the lawsuit pending in the Northern District of Illinois between MI-BOX FL and MBH.[1] Thus, the same franchise issues raised by Plaintiff in this case, e.g., whether the MI-BOX dealerships constitute a franchise, is an issue pending in the Northern District of Illinois case, Case No. 21-CV-05809.

13.     The two defendants named in this case are also parties in the Northern District of Illinois case.

14.     Moreover, trying the issues in this case in two separate district courts would be inefficient and a waste of time and resources. *See Meterlogic, Inc. v. Copier Sols.*, Inc., 185 F. Supp. 2d 1292, 1301 (S.D. Fla. 2002) (holding that "[t]ransfer is appropriate because both courts must consider the same underlying issues.") Courts should grant transfer where consolidation would avoid duplicative litigation, as would be the case here. *See id*; *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1475, 4 L.Ed.2d 1540 (1960) (holding that it is inappropriate "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.")

---

[1] *See* 21-CV-05809, Dkt. 114. Also included in the suit pending in Illinois is MI-BOX New England LLC, a company owned and controlled by the same person who owns and controls MI-BOX FL.

15.     Moreover, Illinois law applies to the Equipment Agreement between MI-BOX North FL and MBH (Compl., Ex. 2 ¶ 3.6,) and the Northern District of Illinois often applies Illinois state law.

16.     Given that the same legal issues brought by Plaintiff are being considered by the Northern District of Illinois, this Court should transfer this case, especially since the Northern District of Illinois was the venue chosen by the parties in the Equipment Agreement. (Compl., Ex. 2 ¶ 3.6.)

17.     "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

WHEREFORE, Defendant, MI-BOX HOLDING COMPANY, respectfully requests that this Honorable Court grant its Motion to Transfer Venue of Plaintiff, MI-BOX OF NORTH FLORIDA, LLC'S Complaint and for such further relief as this Court deems just.

### Local Rule 3.01(g) Certification

Co-counsel for MBH, Channing Hesse (*pro hac vice motion pending*) has conferred with the counsel for the Plaintiff regarding the issues raises herein via email. Counsel for Plaintiff objects to the relief sought herein.

Date: January 12, 2024

Respectfully submitted,

**MI-BOX HOLDING COMPANY**

By: /s/*Helen H. Albee*
TRITT & ASSOCIATES, P.A.
Helen H. Albee
Florida Bar No.: 987247
707 Peninsular Place
Jacksonville, FL 32204
Telephone: (904) 354-5200
Facsimile: (904) 354-5256
Email:  helen.albee@atritt.com
Secondary Email: Karen.farber@atritt.com
One of its attorneys

Channing Blair Hesse
(*pro hace vice motion pending*)
GROGAN, HESSE & UDITSKY, P.C.
Two Mid America Plaza, Suite 110
Oakbrook Terrace, IL 60181
(630) 833-5533
chesse@ghulaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I presented the foregoing for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record on this 12th day of January, 2024.

/s/*Helen H. Albee*
Helen H. Albee

6