UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MI-BOX OF NORTH FLORIDA, LLC,       CASE NO. 3:23-CV-01497-WWB-PDB
a Florida limited liability company,

      Plaintiff,
vs.

MI-BOX HOLDING COMPANY, an
Illinois company, and
MI-BOX FLORIDA, LLC, a
New Hampshire limited liability company,

      Defendants.
_____/

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 1/30/2024. Jacky Beda, Esq., Benjamin Folsom, Esq., and Channing Hesse, Esq. attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/1/2024 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/30/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). <br> Plaintiff | 10/18/2024 |
| Defendant | 12/6/2024 |
| Rebuttal | 12/23/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 1/31/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/3/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. <br> To Be Determined | 1/31/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/1/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/8/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 8/15/2025 |
| Month and year of the trial term. | 9/1/2025 |

The trial will last approximately 5-7 days and be

☒   jury.

☐   non-jury.

3. **Description of the Action**

   MI-BOX OF NORTH FLORIDA'S CLAIMS CENTER ON THE ALLEGATION THAT MB HOLDING AND MB FLORIDA SOLD A FRANCHISE THAT DID NOT COMPLY WITH CERTAIN REQUIREMENTS IN THE SALE OF A FRANCHISE, INCLUDING VIOLATIONS OF THE FTC ACT, AND MADE CERTAIN MISREPRESENTATIONS THAT INDUCED MI-BOX OF NORTH FLORIDA TO ENTER INTO THE FRANCHISE RELATIONSHIP. AS A RESULT, MI—BOX OF NORTH FLORIDA HAS BROUGHT CAUSES OF ACTION FOR VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR PRACTICES ACT, FRAUDULENT INDUCEMENT, VIOLATION OF THE FLORIDA FRANCHISE ACT, RESCISSION, AND VIOLATION OF FLORIDA'S SALE OF BUSINESS OPPORTUNITY ACT.

   MI-BOX FLORIDA, LLC DENIES ALL LIABILITY. ADDITIONALLY, MI-BOX FLORIDA HAS FILED A MOTION TO TRANSFER VENUE BASED ON THE FORUM SELECTION CLAUSE IN THE DEALERSHIP AGREEMENT AND A MOTION TO DISMISS THE FLORIDA SALE OF BUSINESS OPPORTUNITY ACT CLAIM. PLAINTIFF OBJECTS TO BOTH MOTIONS.

   MI-BOX HOLDING COMPANY DENIES ALL LIABILITY. ADDITIONALLY, MI-BOX HOLDING COMPANY HAS FILED A MOTION TO DISMISS ALL COUNTS OF THE COMPLAINT DIRECTED AGAINST IT AND A MOTION TO TRANSFER VENUE BASED ON THE EXCLUSIVE VENUE CLAUSE CONTAINED IN THE MI-BOX EQUIPMENT PURCHASE AND TRADEMARK LICENSE AGREEMENT BETWEEN IT AND PLAINTIFF.

4. **Disclosure Statement**

   ☐   The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒   The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any

> reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐   The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒   The parties do not consent.

7.  **Preliminary Pretrial Conference**

☒   The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐   The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☐ Yes.
   ☒ No; instead, the parties agree to these changes: Parties agreed to changes. The timing for discovery under Rule 26(a) is set forth above. .

   B. Discovery may be needed on these subjects:
       a. Elements of control relevant to a franchise analysis
       b. Whether business offered constitutes a franchise
       c. Representations and disclosures made or not made between the parties

   C. Discovery should be conducted in phases:

   ☒ No.
   ☐ Yes.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

   ☐ No.
   ☒ Yes; The parties will endeavor to agree on a proposed confidentiality order.

   E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/Jacky Beda
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, FL 33131
**Robert F. Salkowski (FBN 903124)**
Email: rsalkowski@zarcolaw.com
         acoro@zarcolaw.com
**Jacky Beda (FBN 1003619)**
Email: jbeda@zarcolaw.com
*Counsel for Plaintiff, MI-BOX of North Florida, LLC*
1/30/2024

/s/Channing Blair Hesse
Channing Blair Hesse
Grogan, Hesse & Uditsky P.C.
Channing Blair Hesse (ARDC# 6224487)
Two Mid America Plaza, Suite 110
Oakbrook Terrace, IL 60181
(630) 833-5533
(630) 833-6855 (fax)
chesse@ghulaw.com
*Counsel for Defendant, MI-BOX Holding Company*
1/30/2024

/s/ Benjamin B. Folsom
Benjamin B. Folsom
*Pro hac vice*
Email: Benjamin.folsom@mclane.com
MCLANE MIDDLETON
900 Elm Street, 10th Floor
Manchester, NH  03101
Telephone:  603-628-1323

Samuel J. Horovitz
Florida Bar No.:  59015
Email: shorovitz@rtlaw.com
Angelo M. Patacca, Jr.
Florida Bar No.:  0047589
Email:  apatacca@rtlaw.com
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, FL  32207
(904) 398-3911 – Telephone
(904) 396-0663 – Facsimile

ATTORNEYS FOR
MI-BOX FLORIDA, LLC

Date: 1/30/2024