IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MI-BOX OF NORTH FLORIDA, LLC,                CASE NO. 3:23-CV-01497-BJD-PDB
a Florida limited liability company,

    Plaintiff,

vs.

MI-BOX HOLDING COMPANY, an
Illinois company, and
MI-BOX FLORIDA, LLC, a
New Hampshire limited liability company,

    Defendants.
_____/

## MI-BOX OF NORTH FLORIDA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO MI-BOX HOLDING COMPANY'S MOTION TO DISMISS

    Plaintiff MI-BOX of North Florida, LLC ("MI-BOX of North Florida"), by and through undersigned counsel, hereby files this Memorandum of Law in Opposition to Defendant, MI-BOX Holding Company's ("MBH") Rule 12(b)(6) Motion to Dismiss, and in support thereof, states as follows:

### INTRODUCTION

    On March 3, 2021, MI-BOX of Florida entered into a written dealership agreement (the "Dealership Agreement") with MI-BOX of North Florida. [DE 1, ¶17]. The Dealership Agreement granted MI-BOX of North Florida the exclusive right to establish and operate a MI-BOX dealership within the Florida counties of Duval and St. Johns (the "Exclusive Territory"). *Id.* at ¶18. In addition to the Dealership Agreement, MBH and MI-BOX Florida required MI-BOX of North Florida to enter into the MI-BOX Equipment Purchase and Trademark License Agreement (the "Equipment Agreement") with MBH, pursuant to which MI-BOX of North Florida was required to purchase all life systems, containers, and other products and services used in its

business directly from MBH or its affiliates or designees. [DE 1, ¶21]. The allegations of the Complaint – which must be taken as true on a motion to dismiss – allege that the business sold to MI-BOX of North Florida is a franchise under applicable law and as defined by the FTC. *Id.* at ¶¶10, 19.

Specifically, the business arrangements under the Dealership and Equipment Agreements constitute a franchise because MI-BOX of North Florida was required, among other things, to: (i) purchase exclusively from MI-BOX Florida the MI-BOX® Lift System and Containers (collectively, the "Equipment") the terms of which will be governed by the MI-BOX® Equipment Purchase and Trademark License Agreement between MI-BOX® and Dealer [Dealer Agreement, § 1.5]; (ii) use the MI-BOX trademarks on all Lift Systems and Containers, and in marketing materials, product brochures, advertising, signs and other promotional materials to promote sales of mobile storage services involving the MI-BOX® Lift System and MI-BOX® Containers [Dealer Agreement, §1.5]; (iii) allow MI-BOX Florida the right, with at least three business days' written notice, to inspect any Lift System, Containers, signage and promotional material used by MI-BOX of North Florida at its place of business [Dealer Agreement, § 1.5]; (iv) pay MI-BOX Florida a Dealership Territory Fee of $570,708 [Dealer Agreement, § 2.3]; (v) pay MI-BOX Florida a Dealership Set Up Fee of $15,500.00 for initial set up, training, administrative, website and training costs [Dealer Agreement, §2.5]; (vi) pay MI-BOX Florida a Monthly Dealership Fee of $796.00 or $10.82 per container, whether rented or vacant, whichever amount is greater [Dealer Agreement, § 2.5]; and (vii) conform its business with the MI-BOX® Manuals and other elements of the MI-BOX System that MI-BOX Florida agreed to provide [Dealer Agreement, §2.6].

As a franchise, MI-Box Florida was required to comply with all rules promulgated pursuant to the Federal Trade Commission Act. Fla Stat. §501.203(3). This includes the requirement to

provide MI-BOX of North Florida with a proper Franchise Disclosure Document ("FDD") at least fourteen (14) days prior to executing the Dealership Agreement. Here, MBH failed to provide MI-BOX of North Florida with a proper FDD in violation of the rules of the FTC. [DE 1, ¶22]. MBH's failure to provide MI-BOX of North Florida with an FDD in violation of the pre-sale disclosure requirements renders the franchise sale illegal and subject to rescission.

## LEGAL MEMORANDUM

### A. Standard of Law.

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir.2003) (citing Fed. R. Civ. P. 8(a)). A claim for relief under Fed.R.Civ.P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir.2009) (citation omitted). In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1229, 1231 (11th Cir. 2000). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Caravell v. American Airlines, Inc.,* 315 F.Supp.2d 1346, 1348 (S.D. Fla. 2004) (citing *United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)). A motion to dismiss a complaint should not be granted if the factual allegations are "enough to raise a right to relief above the speculative level."

*See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Nevertheless, a complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id.*

### B. MI-BOX of North Florida States a Claim for a Violation of FDUPTA in Count I.

In its Motion to Dismiss, MBH argues MI-BOX of North Florida's FDUPTA claim must be dismissed because "nowhere does plaintiff allege that MBH violates the FTC Franchise Rule." [DE 26, p. 3]. However, in Paragraph 22 of the Complaint, MI-BOX of North Florida alleges that "[n]either MBH nor MI-BOX Florida provided MI-BOX of North Florida with a Franchise Disclosure Document prior to entering into the Dealership Agreement and the Equipment Agreement, in violation of 16 CFR ss 436.2 and applicable law." [DE 1, par 22]. In Paragraph 11 of the Complaint, MI-BOX of North Florida articulates the FTC Rule requiring an FDD. *Id.* at 11. As is clear, failure to provide an FDD to a prospective franchisee fourteen (14) days prior to entering into a franchise relationship constitutes an unfair or deceptive act:

> In connection with the offer or sale of a franchise that will be located in the United States or its territories, it is an unfair or deceptive act or practice in violation of Section 5 of the Federal Trade Commission Act for any franchisor to fail to furnish a prospective franchisee with a copy of the franchisor's current disclosure document at least 14 calendar-days before the prospective franchisee signs a binding agreement with, or makes any payment to, the franchisor or an affiliate in connection with the proposed franchise sale.

16 CFR §436.2.

Further, FDUPTA expressly provides that violations of the FTC Rule are *per se* violations of FDUPTA. Fla. Stat. §501.203(3). Here, MI-BOX of North Florida has undoubtedly alleged a *per se* violation of FDUPTA. Accordingly, MI-BOX of North Florida has stated a claim for relief under Count I for FDUPTA as it has alleged (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2nd DCA 2006).

Accordingly, MBH's Motion to Dismiss Count I should be denied.

### C. The Choice of Law Provision in the Dealership Agreement Does Not Render the Florida Franchise Act Nor Florida's Sale of Business Opportunity Act Inapplicable.

In its Motion to Dismiss, MBH argues that the Florida Franchise Act is inapplicable due to the presence of an out-of-state choice of law provision. [DE 26, p. 4]. In support thereof, MBH cites to *Cluck-U Chicken, Inc. v. Cluck-U Corp.*, 358 F. Supp. 3d 1295, 1309-10 (M.D. Florida 2017) for the proposition that the choice of law provision in the franchise agreement renders the franchisee's home state franchise act inapplicable to a dispute between franchisor and franchisee. *Id.* at 1309-10. However, the *Cluck-U* case is distinguishable from the case at bar because application of the choice of law provision therein would violate Florida's public policy. While Florida courts "will generally enforce choice-of-law provisions," a choice of law provision is unenforceable when the clause is otherwise unreasonable or unjust. *Mintz & Fraade, P.C. v. Beta Drywall Acquisition, LLC*, 59 So. 3d 1173 (Fla. 4th DCA 2011); *Default Proof Credit Card Systems, Inc. v. Friedland*, 992 So. 2d 442 (Fla. 3d DCA 2008). Here, MBH seeks to enforce a choice of law provision in a Dealership Agreement that is subject to rescission due to the deceptive and unfair trade practices associated with its ascension. In *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 SO. 2d 306, the Supreme Court of Florida held that a choice of law provision is valid unless the party is entitled to a rescission. *See id.* at 313 (Finding plaintiffs were bound by the choice-of-law provision because they elected to affirm the contract instead of seeking rescission.). Here, MI-BOX of North Florida specially seeks rescission of the Dealership and Equipment Agreements. [DE 1, ¶¶55-60]. As stated in Mazzoni Farms, "Florida law provides for an election of remedies in fraudulent inducement cases: rescission, whereby the party repudiates the transaction…" *Id.* Here, MI-BOX of North Florida is not bound by the choice-of-law provision because the Dealership and Equipment Agreements are subject to rescission.

5

As articulated *supra*, it is a *per se* violation of the FTC Rule to induce a prospective franchisee to enter into a franchise relationship without providing franchisee with a valid FDD. MI-BOX of North Florida alleges that neither MI-BOX Florida nor MBH provided it with an FDD. [DE 1, ¶22]. If MI-BOX of North Florida's allegations prove to be true, the Dealership Agreement and Equipment Agreement along with the choice-of-law provisions therein would be procured through fraudulent, deceptive, and unfair means, and thus subject to rescission.

Similarly, MBH argues that Count V should be dismissed on the same basis, *i.e.*, the Florida's Sale of Business Opportunities Act does not apply because of the presence of the New Hampshire choice-of-law provision. However, due to the unenforceability of a choice-of-law provision - unjustly procured through fraudulent means – the choice of law provision does not invalidate Florida's Sale of Business Opportunity Act.[1]

Accordingly, MBH's Motion to Dismiss Counts III and V should be denied.

### D. **MI-BOX of North Florida Has Stated a Claim in Count III for a Violation of the Florida Franchise Act and Count IV for Rescission**

In its Motion to Dismiss, MBH argues that Count III should be dismissed because there are no specific allegations of misrepresentation made by MBH. This argument fails because the Florida Franchise Act does not require an affirmative intentional misrepresentation in order to adequately state a claim. Under the Florida Franchise Act, it is unlawful, when selling or establishing a franchise or distributorship, to either intentionally misrepresent the prospects or chances for success of a proposed or existing franchise, **or** intentionally misrepresent – by failure to disclose

---

[1] In its Motion to Dismiss, MBH states, "MBH adopts the arguments made by MI-BOX FL in its Motion to Dismiss Count V of the Complaint, Dkt. 20." [DE 26, p. 6]. Similarly, MI-BOX of North Florida adopts the arguments made in its Memorandum of Law in Opposition to MI-BOX of North Florida's Motion to Dismiss filed contemporaneously herewith.

or otherwise - the known required total investment for such franchise or distributorship. Fla. Stat. §817.416 states in relevant part as follows:

> (a) It is unlawful, when selling or establishing a franchise or distributorship, for any person:
>
>    1. Intentionally to misrepresent the prospects or chances for success of a proposed or existing franchise or distributorship;
>
>    2. Intentionally to misrepresent, by failure to disclose or otherwise, the known required total investment for such franchise or distributorship; or
>
>    3. Intentionally to misrepresent or fail to disclose efforts to sell or establish more franchises or distributorships than is reasonable to expect the market or market area for the particular franchise or distributorship to sustain.

Fla. Stat. § 817.416

Here, MI-BOX of North Florida alleges that MBH violated the Florida Franchise Act by failing to provide MI-BOX of North Florida with a valid FDD. By failing to provide an FDD, MBH failed to disclose the total known investment for the franchise under Item 7 of the FDD; one of the 23 categories required in an FDD. [DE 1, ¶35]. Thus, MBH violated the Florida Franchise Act by failing to disclose the known required total investment for the franchise. *See* [DE 1, ¶65] ("MBH also misrepresented, by failing to disclose or otherwise, the known required total investment; (ii) misrepresented or failed to disclose efforts to sell or establish more franchises or distributorships than it is reasonable to expect the market or market area for the particular business opportunity to sustain; and (iii) misrepresented the quantity or the quality of the containers that MI-BOX of North Florida was required to purchase.").

Further, MBH argues that the rescission count in Count IV must be dismissed for failure to allege specific misrepresentation. Similarly, here, this argument fails because MI-BOX of North Florida alleges that the Dealership Agreement and Equipment Agreement are subject to rescission

7

based "omissions of material fact," which induced MI-BOX of North Florida to execute both the Dealership Agreement and the Equipment Agreement. DE 1, ¶55 ("MI-BOX Florida and MBH's false representations and omissions of material fact…"); DE 1, ¶57 ("MBH's concealment of material facts…"); DE 1, ¶58 ("MBH failed to comply with any of the pre-sale disclosure requirements mandated by state and federal law, rendering the franchise sale illegal."). Ultimately, it is MBH's failure to provide MI-BOX of North Florida with an FDD in violation of the pre-sale disclosure requirements that renders the franchise sale illegal and subject to rescission.

Accordingly, MI-BOX of North Florida has sufficiently pled a claim in Count III for violation of the Florida Franchise Act and Count IV for Rescission.

Dated: February 1, 2024

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI, P.A.**
*Counsel for Plaintiff*
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418

By: */s/ Jacky Beda*
   **ROBERT F. SALKOWSKI (FBN 903124)**
   E-mail: rsalkowski@zarcolaw.com
   Email: acoro@zarcolaw.com
   **JACKY BEDA (FBN 1003619)**
   E-mail: jbeda@zarcolaw.com
   E-mail: agarcia@zarcolaw.com
   E-mail: eservice@zarcolaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 1, 2024, a true and correct copy of the foregoing was served via electronic mail upon the following: Samuel J. Horovitz [shorovitz@rtlaw.com] and Angelo M. Patacca, Jr. [apatacca@rtlaw.com] ROGERS TOWERS, P.A. 1301 Riverplace Blvd., Suite 1500, Jacksonville, FL 32207; Benjamin B. Folsom [Bengamin.folsom@mclane.com] MCLANE MIDDLETON, 900 Elm Street, 10th Floor, Manchester, NH 03101; and Helen H. Albee [helen.albee@atritt.com and karen.farber@atritt.com] TRITT & ASSOCIATES, P.A. 707 Peninsular Place, Jacksonville, FL 32204.

By: */s/ Jacky Beda*
       **Jacky Beda**