IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MI-BOX OF NORTH FLORIDA, LLC,                    CASE NO. 3:23-CV-01497-BJD-PDB
a Florida limited liability company,

       Plaintiff,

vs.

MI-BOX HOLDING COMPANY, an
Illinois company, and
MI-BOX FLORIDA, LLC, a
New Hampshire limited liability company,

       Defendants.

_____/

## MI-BOX OF NORTH FLORIDA, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO MI-BOX FLORIDA, LLC'S PARTIAL MOTION TO DISMISS

Plaintiff MI-BOX of North Florida, LLC ("MI-BOX of North Florida"), by and through undersigned counsel, hereby files this Memorandum of Law in Opposition to Defendant, MI-BOX Florida, LLC's ("MI-BOX Florida") Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, states as follows:

### INTRODUCTION

MI-BOX Florida's Partial Motion to Dismiss seeking to dismiss Count V of MI-BOX of North Florida's Complaint should be denied because the franchise sale is not exempted from a violation arising out of the Florida Sale of Business Opportunity Act ("FSBOA"). A franchise sale is exempted from the FSBOA if (a) the franchise meets the definition of the term as defined by the Federal Trade Commission ("FTC"); and (b) before offering for sale or selling a franchise, the franchisor files a notice with the Department of Agriculture and Consumer Services (the "Department") stating that the franchisor is in substantial compliance with the requirements of the FTC rule on franchising and pays a fee in an amount set by the department. *See* Fla. Stat.

§559.802(1). Accordingly, as for the reasons set forth in further detail *infra*, MI-BOX of Florida's Partial Motion to Dismiss should be denied.

## FACTUAL BACKGROUND

On March 3, 2021, MI-BOX of Florida entered into a written dealership agreement (the "Dealership Agreement") with MI-BOX of North Florida. [DE 1, ¶17]. The Dealership Agreement granted MI-BOX of North Florida the exclusive right to establish and operate a MI-BOX dealership within the Florida counties of Duval and St. Johns (the "Exclusive Territory"). *Id.* at ¶18. The allegations of the Complaint – which must be taken as true on a motion to dismiss – allege that the business sold to MI-BOX of North Florida is a franchise under applicable law and as defined by the FTC. *Id.* at ¶¶10, 19.

As alleged in the Complaint, the business arrangements under the Dealership Agreement constitutes a franchise because MI-BOX of North Florida was required, among other things, to: (i) purchase exclusively from MI-BOX Florida the MI-BOX® Lift System and Containers (collectively, the "Equipment") the terms of which will be governed by the MI-BOX® Equipment Purchase and Trademark License Agreement between MI-BOX® and Dealer [Dealer Agreement, § 1.5]; (ii) use the MI-BOX trademarks on all Lift Systems and Containers, and in marketing materials, product brochures, advertising, signs and other promotional materials to promote sales of mobile storage services involving the MI-BOX® Lift System and MI-BOX® Containers [Dealer Agreement, §1.5]; (iii) allow MI-BOX Florida the right, with at least three business days' written notice, to inspect any Lift System, Containers, signage and promotional material used by MI-BOX of North Florida at its place of business [Dealer Agreement, § 1.5]; (iv) pay MI-BOX Florida a Dealership Territory Fee of $570,708 [Dealer Agreement, § 2.3]; (v) pay MI-BOX Florida a Dealership Set Up Fee of $15,500.00 for initial set up, training, administrative, website and

training costs [Dealer Agreement, §2.5]; (vi) pay MI-BOX Florida a Monthly Dealership Fee of $796.00 or $10.82 per container, whether rented or vacant, whichever amount is greater [Dealer Agreement, § 2.5]; and (vii) conform its business with the MI-BOX® Manuals and other elements of the MI-BOX System that MI-BOX Florida agreed to provide [Dealer Agreement, §2.6] [DE 1, ¶20].

As a franchisor, MI-Box Florida was required to comply with all rules promulgated pursuant to the Federal Trade Commission Act. Fla. Stat. §501.203(3). This includes the requirement to provide MI-BOX of North Florida with a proper Franchise Disclosure Document ("FDD") at least fourteen (14) days prior to executing the Dealership Agreement. Here, MI-BOX Florida failed to provide MI-BOX of North Florida with a proper FDD in violation of the FTC Rules. [DE 1, ¶22]. As such, the sale of this franchise is not exempted from the FSBOA because (1) MI-BOX Florida did not provide MI-BOX of North Florida with a proper FDD; and (2) MI-BOX Florida did not provide notice to the Department demonstrating that it was in substantial compliance with the FTC Rules.

## LEGAL MEMORANDUM

### A. <u>Standard of Law.</u>

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir.2003) (citing Fed. R. Civ. P. 8(a)). A claim for relief under Fed.R.Civ.P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most

favorable to the plaintiff. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir.2009) (citation omitted). In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1229, 1231 (11th Cir. 2000). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Caravell v. American Airlines, Inc.,* 315 F.Supp.2d 1346, 1348 (S.D. Fla. 2004) (citing *United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)). A motion to dismiss a complaint should not be granted if the factual allegations are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Nevertheless, a complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id.*

### B. **MI-BOX of North Florida States a Claim in Count V for Violation of the Florida Sale of Business Opportunity Act (FSBOA).**

MI-BOX of North Florida's claims against MI-BOX Florida center on the allegation that MI-BOX Florida was selling a franchise that failed to comply with the FTC requirements for the sale of a franchise; and that MI-BOX Florida made certain misrepresentations in conjunction with the franchise sale. [DE 1, *generally*]. MI-BOX Florida argues that Count V should be dismissed because a franchise sale – as alleged by MI-BOX of North Florida - made in conjunction with the licensing of trademarks is exempt from the FSBOA. *See* [DE 20, pp. 4-7]. However, while franchises may be exempt under the FSBOA, a franchisor is only exempt from its obligations arising out of the FSBOA if:

> (a) The franchise meets the definition of that term as defined by the Federal Trade Commission regulations entitled, "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," as set forth in 16 C.F.R. §436.1 et seq.; and ***and***

> (b) Before offering for sale or selling a franchise to be located in this state or to a resident of this state, the franchisor files a notice with the department, on a

form adopted by the department, stating that the ***franchisor is in substantial compliance with the requirements of the Federal Trade Commission rule*** and pays a fee in an amount set by the department not exceeding $100.

Fla. Stat. §559.802(1)(a)-(b) (emphasis added).

Here, the franchise sale is not exempted from the FSBOA. While the franchise meets the definition of a franchise under the FTC rule, MI-BOX Florida never filed a notice stating that it was in substantial compliance with the requirements of the FTC rule nor is it in substantial compliance with the FTC rule. 16 C.F.R. §436.1 In fact, MI-BOX of North Florida alleges that MI-BOX Florida did not comply with the FTC rule by failing to provide MI-BOX Florida with an FDD prior to offering for sale or selling the franchise. [DE 1, ¶22]. Accordingly, MI-BOX Florida is not exempt from its obligations under the FSBOA. Instead, the FSBOA applies because MI-BOX Florida failed to comply with the FTC rule on franchising.

Ultimately, MI-BOX of North Florida has stated a claim under Count V for violation of the FSBOA. First, the sale of a franchise constitutes a "business opportunity" under the FSBOA because a franchise necessarily offers a sales or marketing program whereby the purchaser will be able to derive income from the business opportunity. Fla. Stat. §559.801. Further, before offering for sale a "business opportunity" in the State of Florida, MI-BOX Florida was required to provide MI-BOX of North Florida with a disclosure statement that meets the requirements of Fla. Stat. §559.803. The only way for MI-BOX Florida to evade its obligation to provide a disclosure statement pursuant to Fla. Stat. §559.803, would be to notify the Department that it is in substantial compliance with the FTC rule. Here, MI-BOX Florida failed to either notify the Department of substantial compliance with the FTC rule, or provide MI-BOX of North Florida with a proper disclosure statement. As such, MI-BOX of North Florida has sufficiently stated a claim under Count V of the Complaint.

Accordingly, MI-BOX Florida's Partial Motion to Dismiss should be denied.

Dated: February 1, 2024

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI, P.A.**
*Counsel for Plaintiff*
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131
Telephone: (305) 374-5418

By: */s/ Jacky Beda*
**ROBERT F. SALKOWSKI (FBN 903124)**
E-mail: rsalkowski@zarcolaw.com
Email: acoro@zarcolaw.com
**JACKY BEDA (FBN 1003619)**
E-mail: jbeda@zarcolaw.com
E-mail: agarcia@zarcolaw.com
E-mail: eservice@zarcolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 1, 2024, a true and correct copy of the foregoing was served via electronic mail upon the following: Samuel J. Horovitz [shorovitz@rtlaw.com] and Angelo M. Patacca, Jr. [apatacca@rtlaw.com] ROGERS TOWERS, P.A. 1301 Riverplace Blvd., Suite 1500, Jacksonville, FL 32207; Benjamin B. Folsom [Bengamin.folsom@mclane.com] MCLANE MIDDLETON, 900 Elm Street, 10th Floor, Manchester, NH 03101; and Helen H. Albee [helen.albee@atritt.com and karen.farber@atritt.com] TRITT & ASSOCIATES, P.A. 707 Peninsular Place, Jacksonville, FL 32204.

By: */s/ Jacky Beda*
**Jacky Beda**