UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MI-BOX OF NORTH FLORIDA, LLC,

       Plaintiff,

v.                                    Case No.: 3:23-cv-1497-WWB-PDB

MI-BOX HOLDING COMPANY and MI-BOX FLORIDA, LLC,

       Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants MI-BOX Florida, LLC's Motion to Transfer Venue (Doc. 18) and MI-BOX Holding Company's Motion to Transfer Venue (Doc. 27) (collectively, "**Motions to Transfer**") and Plaintiff's Memorandum in Opposition (Doc. 32). For the reasons set forth herein, Defendants' Motions to Transfer will be granted.

**I.   BACKGROUND**

Defendants MI-BOX Holding Company ("**MHC**") and MI-BOX Florida, LLC ("**MBF**") offer third parties the ability to operate independent businesses and provide the MI-BOX® System, which consists of specially designed containers and vehicle-mounted lifts for the movement and storage of goods. (Doc. 9 at 2–3). On March 3, 2021, Plaintiff, MI-BOX of North Florida, LLC, entered a Dealership Agreement with MBF granting Plaintiff the exclusive right to establish and operate a MI-BOX business within Duval and St. Johns counties. (*Id.* at 7–8, 19–36). MBF acquired the exclusive right to sell and support MI-BOX businesses in Florida from MHC. (*Id.* at 7, 19).

On March 10, 2021, in furtherance of the Dealership Agreement, Plaintiff also entered a MI-BOX Equipment Purchase and Trademark License Agreement ("**Equipment Agreement**") with MHC. (*Id.* at 9, 37–52). Under the terms of the Equipment Agreement, Plaintiff would have access to MI-BOX Lift systems, which MHC would install; Plaintiff would pay MHC for the use of the equipment and intellectual property directly. (*Id.* at 37–38).

In the Complaint, Plaintiff alleges that the Dealership Agreement mischaracterizes the relationship between the parties, which it argues is a franchise. (*Id.* at 8). As a result, Plaintiff alleges that Defendants failed to comply with various state and federal laws governing franchise agreements. (*Id.* at 8–9). Additionally, Plaintiff alleges that Defendants' policies and practices are impeding Plaintiff's ability to make a profit from its business. (*Id.* at 10–11). As a result, Plaintiff brings claims against Defendants for violations of the Florida Deceptive and Unfair Trade Practices Act, fraudulent inducement, violations of the Florida Franchise Act, recission, and violations of the Florida Sale of Business Opportunities Act. (*See generally* Doc. 9).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Supreme Court has held that the application of § 1404(a) principles is the appropriate means by which to analyze a valid forum-selection clause requiring transfer to another federal district court. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Furthermore, "a proper application of

§ 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59–60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Therefore, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62 (footnote omitted).

At the outset, a district court must determine whether the forum-selection clause sought to be enforced is valid. *See Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1190–91 (M.D. Fla. 2014). "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam). "Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law . . . not state law." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (per curiam). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. "The burden is on the party resisting the enforcement of a forum selection clause to establish fraud or inequitable conduct sufficient to bar enforcement of the clause." *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (per curiam).

If a valid forum-selection clause exists, the court must apply a modified § 1404(a) analysis to determine if there is a reason not to transfer the case to the chosen forum. Traditionally, courts in the Eleventh Circuit consider the following factors under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Kelling v. Hartford Life & Accident Ins.*, 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). However, where a valid forum-selection clause exists, the traditional analysis is altered in three ways. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Constr. Co.*, 571 U.S. at 63. "Second, a court evaluating a defendant's § 1404(a) motion to transfer . . . should not consider arguments about the parties' private interests." *Id.* at 64. "Instead, a court considers only arguments about public-interest factors which rarely will be sufficient to defeat a motion to transfer to the agreed upon forum." *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC*, No. 3:13-cv-306-J, 2014 WL 1268584, at *21 (M.D. Fla. Mar. 27, 2014). Finally, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 64–65.

### III.  DISCUSSION

Defendants argue the Court should sever and transfer the claims against them in accordance with the forum-selection clauses in their respective contracts with Plaintiff.

4

First, MHC seeks a transfer to the United States District Court for the Northern District of Illinois pursuant to the following forum-selection clause in the Equipment Agreement:

> This Agreement and the rights of the parties hereunder shall be interpreted in accordance with the laws of the State of Illinois, and in the event of any disagreement, the laws of this state shall apply and suit must be brought in the state courts in Cook County, Illinois or in the Federal District for the Northern District of Illinois.

(Doc. 9 at 47). Similarly, MBF seeks a transfer to the United States District Court for the District of New Hampshire pursuant to the nearly identical forum-selection clause in the Dealership Agreement:

> This Dealership Agreement and the rights of the parties hereunder shall be interpreted in accordance with the laws of the State of New Hampshire, and in the event of any disagreement, the laws of this state shall apply and suit must be brought in the State courts in Hillsborough County, New Hampshire or in the Federal District for the State of New Hampshire.

(Doc. 9 at 29).[1] Plaintiff does not dispute the validity of these clauses and has not argued that they are discretionary. (*See* Doc. 32 at 6 ("MB of North Florida does not dispute that these forum-selection clauses are presumptively valid.")). Instead, Plaintiff argues that its claims do not fall within the scope of the clauses.

"Under federal common law, forum selection clauses are to be interpreted by reference to ordinary contract principles." *Cornett*, 465 F. App'x at 842 (quotation omitted). Accordingly, "[t]o determine if a forum-selection clause encompasses a particular type of claim, we look to its language." *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 559 (11th Cir. 2016) (citing *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634

---

[1] Despite the choice of law provisions with the parties' agreements, the Court applies federal law in deciding this dispute because "the construction of forum selection clauses by federal courts is a matter of federal common law." *Cornett v. Carrithers*, 465 F. App'x 841, 842 (11th Cir. 2012).

F.3d 1326, 1330 (11th Cir. 2011)); *see also Belize Telecom, Ltd. v. Belize*, 528 F.3d 1298, 1307 & n.11 (11th Cir. 2008).

Although Defendants argue the clause is a broad clause that applies to "any disagreement" between the parties, Defendants' argument fails to give effect to the entire clause.  The mandate that "in the event of any disagreement" the claims are to be tried in the selected location, is preceded by the word "and," which connects the statement to the governing law provision.  The governing law provision, in turn, limits the scope of the agreement to "[t]his Agreement and the rights of the parties hereunder."  Thus, by their plain language, the forum selection clauses pertain to the agreements and the contractual rights established under them.  Specifically, the clauses cover "any disagreement" about the "Agreement and the rights of the parties hereunder[.]"  Thus, the Court must determine if Plaintiff's claims pertain to the terms of the agreements and the rights of the parties under the agreements.

First, Plaintiff alleges a claim for fraudulent inducement against MBF.  Additionally, Plaintiff seeks recission of both agreements for the allegedly false representations and omissions of material fact.  However, Plaintiff's agreement with MBF contains a clause stating that it "contains the entire understanding" of the parties and "supersedes any prior understandings and agreements among them respecting the subject matter of" the agreement.  (Doc. 9 at 28).  Plaintiff's agreement with MHC contains an identical clause. (*Id.* at 47).  Moreover, with respect to Plaintiff's claims under the Florida Franchise Act and section 559.80, Florida Statutes, the parties' briefing on the pending motions to dismiss discuss the choice of law provision and other provisions within the agreements at length.  (*See generally* Doc. Nos. 20, 26, 33, 34).  In fact, Plaintiff is essentially asking

6

the Court to determine, based on the contents of the agreements, that Plaintiff and Defendants had a franchise relationship, as opposed to a dealership relationship. (*See, e.g.*, Doc. 9 at 8–9; Doc. 32 at 2; Doc. 33 at 2; Doc. 34 at 2). Therefore, resolution of many—if not all—of Plaintiff's claims would necessarily implicate the terms of the agreements and the parties' rights thereunder. *See PBM Cap. Invs., LLC v. Lalonde*, No. 3:13CV00008, 2013 WL 3443108, at *3 (W.D. Va. July 9, 2013); *Malik v. Hood*, No. 11-81090-CIV, 2012 WL 1906306, at *2 (S.D. Fla. May 25, 2012). Furthermore, even if some of Plaintiff's claims fall outside the scope of the forum selection clauses, courts have broad discretion in transferring those claims. *See HNA LH OD, LLC v. Local House Int'l, Inc.*, No. 21-cv-21022, 2021 WL 4459404, at *8 (S.D. Fla. Sept. 29, 2021); *Food Mktg. Consultants, Inc. v. Sesame Workshop*, No. 09-61776-CIV, 2010 WL 1571206, at *12 (S.D. Fla. Mar. 26, 2010), *report and recommendation adopted*, 2010 WL 1571210, at *1 (S.D. Fla. Apr. 20, 2010). Thus, Plaintiff's arguments that the claims fall outside the scope of the forum selection clauses is unavailing.

In the alternative, Plaintiff argues that *Atlantic Marine* does not apply in this case because each Defendant is a non-party to its co-Defendant's forum-selection clause. However, the fact that all three parties are not governed by a single forum-selection clause is irrelevant because there are no "non-contracting parties" present in this litigation. *See In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 403–04 (3d Cir. 2017). In a case such as this, where there are competing forum-enforcement clauses but no non-contracting parties, *Atlantic Marine* applies and, if warranted by the equitable analysis, severance and transfer are proper. *See St. Francis Holdings, LLC v. Cynosure, Inc.*, No. 8:20-cv-1101-T, 2020 WL 9601509, at *4 (M.D. Fla. Sept. 23, 2020); *see also*

*Howmedica*, 867 F.3d at 402–03; *Geico Marine Ins. Co. v. Amzim Marine Servs., LLC*, 641 F. Supp. 3d 1292, 1302 (M.D. Fla. 2022). Accordingly, the Court does not consider the private interest factors and the forum-selection clauses require Plaintiff to maintain its action in the courts of New Hampshire and Illinois absent a strong showing by Plaintiff that public policy requires otherwise. Despite this, Plaintiff "takes no position regarding whether the private and public interests weigh in favor of, or against, transfer." (Doc. 32 at 9). Because it is Plaintiff's burden to show transfer is unwarranted, the Court finds that Plaintiff has failed to meet its burden.

Nevertheless, the Court also concludes that the public interest factors weigh in favor of transfer. The selected forums in New Hampshire and Illinois are both adequate alternative forums that can ably adjudicate Plaintiff's claims. In fact, the agreements contain choice-of-law provisions requiring the application of the selected forum's law to these disputes. Thus, the selected forums are at home with the applicable law. And severing this action into two different litigations in different jurisdictions does not raise sufficient concerns about judicial economy to avoid transfer. *St. Francis Holdings*, 2020 WL 9601509, at *5. Nor is this "a localized controversy in which it is particularly important to resolve the claims in Florida." *Id.*

MBF argues that the claims against it should be severed and transferred to the District of New Hampshire. MHC does not argue that the claims should be severed, instead arguing that the entire action should be transferred to the Northern District of Illinois for consideration with Case No. 21-CV-05809, which involves similar claims and parties. (Doc. 27 at 4–5). However, MHC fails to explain how its interest in efficiency outweighs MBF's interest in enforcing its forum-selection clause and fails to otherwise

8

fully develop this argument with respect to the claims against MBF. Therefore, the Court is not persuaded that transfer of the entire case to the Northern District of Illinois is warranted. Thus, pursuant to Federal Rule of Civil Procedure 21, the Court finds that severing the claims and transferring the claims against Defendants to the respective chosen forums is proper in this case.

## IV.     CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant MI-BOX Florida, LLC's Motion to Transfer Venue (Doc. 18) is **GRANTED**. Plaintiff's claims against Defendant MI-BOX Florida, LLC are **SEVERED** and **TRANSFERRED** to the United States District Court for the District of New Hampshire. The Clerk shall **TRANSFER** such claims to the District of New Hampshire for all further proceedings.

2. Defendant MI-BOX Holding Company's Motion to Transfer Venue (Doc. 27) is **GRANTED in part** as set forth herein and **DENIED** in all other respects. Plaintiff's claims against Defendant MI-BOX Holding Company are **SEVERED** and **TRANSFERRED** to the United States District Court for the Northern District of Illinois. The Clerk shall **TRANSFER** such claims to the Norther District of Illinois for all further proceedings.

3. Thereafter, the Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on August 15, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record